UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MANUEL DE JESUS ESPINOZA | § | |
| | § | |
| Petitioner | § | CRIMINAL ACTION NO. L-8-2031-1 |
| v. | § | CIVIL ACTION NO. L-11-61 |
| | § | |
| UNITED STATES OF AMERICA | § | |

# ORDER

Pending before the Court is Manuel De Jesus Espinoza's ("Espinoza") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and memorandum in support.[1] After reviewing the motion, memorandum, record and controlling authorities, the Court **DISMISSES** Espinoza's motion.

I. BACKGROUND

On December 9, 2008, a federal grand jury in Laredo, Texas, indicted Espinoza on two counts in connection with his possession of marijuana: conspiracy to possess and distribute in violation of 21 U.S.C. 846 (count one), and illegal possession with intent to distribute in violation of 21 U.S.C. 841 (count two).[2]

Espinoza proceeded to trial on February 12, 2009.[3] At the conclusion of the government's case, the Court granted Espinoza's motion for a directed verdict under Federal Rule of Criminal

---

[1] Dkt. Nos. 1 & 2. ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:11-cv-61. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-2031-1.).
[2] Cr. Dkt. No. 12.
[3] Minute Entry of February 12, 2009 Trial; Cr. Dkt. No. 30.

Procedure 29 as to count one of the indictment, due to legal insufficiency of evidence at the close of the prosecution's case.[4] On February 12, 2009, a jury found Espinoza guilty of count two, *i.e.* illegal possession with intent to distribute in excess of 100 kilograms of marijuana.[5] On February 24, 2009, Espinoza filed a "Motion for Judgment of Acquittal," which the Court denied on February 25, 2009.[6] On March 3, 2009, Espinoza filed a motion to substitute attorney Guillermo R. Garcia for attorney Russell Jerome Jordan, which the Court granted on March 4, 2009.[7] On May 21, 2009, Espinoza filed both an objection to the presentence report and a motion for a new trial, with the Court denying the latter.[8] Five days later on May 26, 2009, the Court sentenced Espinoza to 63 months of imprisonment, and five years of supervised release.[9] Judgment was subsequently entered on May 29, 2009.[10]

Espinoza filed a notice of appeal on June 3, 2009.[11] On appeal Espinoza argued (1) that his trial counsel was ineffective for not requesting a *Pennington* jury instruction, (2) that the government did not provide sufficient evidence to support a guilty verdict, and (3) that the District Court erred in three ways: by not providing the *Pennington* jury instruction; by allowing the government to comment on his post-arrest and pre-*Miranda* silence; and by permitting a witness to give an opinion regarding Espinoza's knowledge of his possession of drugs.[12] Espinoza's appeal was dismissed by the Fifth Circuit for want of prosecution and judgment was entered on October 29, 2009.[13] On November 13, 2009, the Fifth Circuit reinstated Espinoza's

---

[4] *See id.*
[5] Cr. Dkt. No. 37.
[6] Cr. Dkt. Nos. 43 & 44.
[7] Cr. Dkt. Nos. 45 & 46.
[8] Cr. Dkt. Nos. 54, 55 & 61.
[9] Minute Entry of May 26, 2009 Sentencing; Cr. Dkt. No. 56.
[10] Cr. Dkt. No. 56.
[11] Cr. Dkt. No. 58.
[12] Cr. Dkt. No. 78.
[13] Cr. Dkt. No. 72.

appeal and granted permission to file briefs out of time.[14] The Fifth Circuit affirmed the District Court and judgment was entered on August 16, 2010.[15]

On May 31, 2011, Espinoza filed a motion pursuant to 28 U.S.C. § 2255 ("Petition") along with a supporting memorandum.[16] In this petition, Espinoza requests an evidentiary hearing and relief regarding claims that his counsel was constitutionally ineffective for failure to (1) properly advise Espinoza as to a plea, (2) inform him of deportation consequence pursuant to *Padilla*, (3) request proper jury instructions and object to improper jury instructions, (4) object to evidence presented at trial and (5) present proper issues on appeal.[17]

## II. ANALYSIS

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[18] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[19] The Court must grant the evidentiary hearing requested by Espinoza unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[20]

### B. Ineffective Assistance of Counsel

---

[14] Cr. Dkt. No. 73.
[15] Cr. Dkt. No. 77. The Fifth Circuit refrained from considering those claims which are properly considered through Espinoza's § 2255 motion.
[16] Dkt. No. 1.
[17] Dkt. No. 2.
[18] United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[19] 28 U.S.C. § 2255 (2006); *see* United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).
[20] 28 U.S.C. § 2255(b); *see* United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir.1992) (per curiam).

Espinoza grounds his entire § 2255 petition on claims of ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test set forth in *Strickland v. Washington*, Espinoza must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Espinoza suffered prejudice as a result.[21] Two principles guide the Court's analysis of Espinoza's showing. First, a court need not address both prongs of the *Strickland* test if the petitioner cannot meet one of them.[22] Second, in assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ."[23] However, in certain limited circumstances, a defendant need not establish the second *Strickland* prong as prejudice is presumed.[24]

### i. Failure to Conduct Meaningful Adversarial Testing

The Court begins with Espinoza's overarching claim that counsel was a "complete failure" and did not subject the prosecution to meaningful adversarial testing.[25] In making this allegation, Espinoza contends that his ineffective assistance of counsel claims must incorporate a presumption of prejudice.[26]

In *United States v. Cronic*, the Supreme Court held that prejudice is presumed where a defendant's counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing."[27] Although Espinoza relies heavily upon this holding, his claim fails to meet the very

---

[21] 466 U.S. 668, 687-88 (1984).
[22] *Id.* at 697.
[23] *Id.* at 689.
[24] *Id.*
[25] Dkt. No. 2.
[26] *Id.*
[27] Cronic, 466 U.S. at 659-60.

high showing required for the Court to employ *Cronic's* prejudice presumption. Discussing the required showing, the Supreme Court in *Bell v. Cone* explained:

> When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We said "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." *Cronic, supra,* at 659, 104 S.Ct. 2039 (emphasis added).[28]

Here, Espinoza makes allegations of broad failure by his counsel; for example, at one point, Espinoza alleges that his trial counsel "did not do anything to protect the petitioner rights; and did not do an effective assistance of counsel in this case and he asserted his poor performance."[29] This type of conclusory allegation does not amount to the factual showing of complete failure envisioned by the *Cronic* Court. Moreover, the Court's review of the record makes clear that such a factual showing would not be possible. Espinoza's counsel engaged in significant adversarial testing, at both the trial and sentencing stages and on appeal; these efforts included, among others: a *motion in limine* regarding the prosecution's expert testimony; numerous objections to the prosecution's examination of witnesses; cross-examination of witnesses; a motion to dismiss a count for lack of evidence (which the Court granted over the prosecution's objections); a motion for judgment of acquittal notwithstanding the jury's verdict; a motion for new trial; an objection to the presentence investigation report; a request for leniency at sentencing; and pursuit of an appeal.[30]

The record conclusively shows that Espinoza's counsel engaged in substantial adversarial testing and, thus, that Espinoza is not entitled to a presumptive finding of prejudice under

---

[28] Bell v. Cone, 535 U.S. 685, 696-97 (2002).
[29] Dkt. No. 2.
[30] *See* Cr. Dkt. No. 27; *see also* Cr. Dkt. No. 30; Cr. Dkt. No. 54; Cr. Dkt. No. 55; Cr. Dkt. No. 58; Cr. Dkt. No. 65 at pp. 95, 98, 103, 125, 127, 132-35, 140-41, 144; *and* Cr. Dkt. No. 67 at pp. 3-6.

*Cronic*. Therefore, to prevail on an ineffective assistance of counsel claim, Espinoza must meet both prongs of the *Strickland* inquiry.

### ii. Plea Advice

Regarding *Strickland's* first prong, the Court does not find merit in the allegation that Espinoza's plea advice was objectively unreasonable. Initially, the Court notes that Espinoza's only basis for this claim is that his trial counsel, Juan Flores ("Flores"), advised him that he had "a better chance at trial;"[31] notably, Espinoza does not allege any objectively-deficient basis for this advice (*e.g.,* incorrect legal principles[32] or misinterpretation of the sentencing guidelines).[33] Absent any objective basis, the claim is reduced to an allegation that Flores' entirely-subjective opinion was objectively unreasonable simply because it was ultimately incorrect. The Court is inclined to deny this conclusory allegation as meritless.

However, given the recently-changing contours of this area of the law, the Court nonetheless proceeds to analyze whether Flores' subjective opinion about the outcome of the trial was objectively reasonable. The Court construes this allegation in the light most favorable to Espinoza, and therefore assumes that Flores was representing to Espinoza that he would be acquitted of both charges at trial. Even under that favorable assumption, "the motion and the files and records of the case conclusively show" that this advice was objectively reasonable.[34]

The Court approaches the reasonableness analysis by first according counsel's performance "a heavy measure of deference"[35] and viewing that performance in the context of

---

[31] Dkt. No. 2.
[32] *Lafler*, 132 S.Ct. at 1384 (Petitioner's counsel advised that petitioner reject a plea offer and proceed to trial, on the basis that "the prosecution would be unable to establish his intent to murder Mundy because she had been shot below the waist.").
[33] United States v. Rivas-Lopez, 678 F.3d 353 (5th Cir. 2012) (Petitioner's counsel miscalculated the possible sentence under the guidelines).
[34] *See* fn. 18, *supra*.
[35] *Cullen v. Pinholster,* 131 S.Ct. 1388, 1408 (2011) (quoting *Strickland v. Washington,* 466 U.S. 668, 691 (1984)).

the circumstances as they existed at the time.[36] The Court finds Flores' opinion to be objectively reasonable in light of the evidentiary support for the charges against Espinoza. The trial record reveals that the evidence against Espinoza was (1) entirely circumstantial in its nature; (2) of such limited quantity that it took less than a day for the government to present it to the jury;[37] (3) did not include any incriminating admissions by Espinoza; and (4) was legally insufficient for Espinoza to be convicted on at least one of the two counts.[38] That Espinoza was ultimately convicted on the possession count cannot be the measure of counsel's conduct on this issue. Accordingly, this claim is **DISMISSED**.

### iii. Immigration Consequences

Espinoza also alleges that his counsel was ineffective for failing to advise him of the immigration consequences of proceeding to trial.[39] However, Espinoza's reliance upon *Padilla v. Kentucky* is misplaced.[40] The *Padilla* Court held only that a defendant must be informed about the removal consequences of accepting a plea, reasoning that the acceptance was not truly voluntary without that knowledge.[41] Here, Espinoza was not prejudiced by involuntarily accepting a guilty plea for the simple reason that he did not accept a guilty plea at all: Espinoza was convicted by a jury after a trial. Therefore, Espinoza's claim of ineffective assistance of

---

[36] *See* Premo v. Moore, 131 S. Ct. 733, 741 (2011) ("These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel.").

[37] *See* Cr. Dkt. No. 47 at p. 16 (The Fifth Circuit noted that "the Government did not introduce overwhelming evidence" supporting an element of the count of which Espinoza was convicted.).

[38] As noted above, the Court granted a Rule 29 motion made by Flores and dismissed the conspiracy charge for lack of evidence.

[39] Dkt. No. 2.

[40] 130 S.Ct. 1473 (2010).

[41] *Id*.

counsel in this respect is **DISMISSED** because it fails to survive either prong of the *Strickland* inquiry.

### iv. *Failure to Object*

Espinoza also alleges that he received ineffective assistance of counsel because his trial attorney did not object to the prosecution's admission of certain physical evidence, specifically a padlock that secured the tractor trailer he was driving. Before addressing this claim, the Court first notes that, because Espinoza filed a direct appeal, he is procedurally barred from raising issues that should have been raised on direct appeal, absent an additional showing of either ineffective assistance of counsel resulting in the failure or actual innocence: "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may by raised in habeas only if the defendant can first demonstrate either 'cause' and actual prejudice ... or that he is 'actually innocent.'"[42] Espinoza never alleges his innocence. As a result, although the Court of Appeals did not consider this specific issue, the Court first considers whether he failed to raise the padlock's admission due to ineffective assistance of counsel.[43] Absent Espinoza making that threshold showing of cause and actual prejudice regarding his representation, other claims related to the admission of the padlock are procedurally barred.

Even assuming that Espinoza could show cause for his failure to raise the claim on direct appeal (*i.e.* that his counsel could have and should have raised the issue on direct appeal), his claim fails to meet *Strickland's* second prong because Espinoza fails to include the meritorious ground for objection that is required to show he was prejudiced. As the Fifth Circuit noted in *United States v. Kimler*, "[a]n attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim *because the result of the*

---

[42] Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).
[43] Cr. Dkt. No. 47 at p. 2 ("We decline to reach Espinoza's ineffective assistance of counsel claim, as this allegation is more properly addressed on collateral review.").

*proceeding would not have been different had the attorney raised the issue*."[44] The padlock was relevant and the Court can conceive of no meritorious objection in this case. Thus, Espinoza's showing is insufficient to allow related claims that were not raised on direct appeal: he has failed to show the requisite actual prejudice, to wit, "that the attorneys' errors were so deficient as to render the verdict fundamentally unfair or unreliable."[45] As a result, the Court **DISMISSES** Espinoza's ineffective assistance of counsel claim on this basis, and other claims on the same basis are procedurally barred.

### v. *Jury Instructions*

Espinoza also brings an ineffective assistance of counsel claim by alleging his counsel failed to include proper jury instructions or, alternatively, failed to object to the inclusion of improper jury instructions.[46] On direct appeal, Espinoza alleged the jury instructions were improper for failing to include a *Pennington* instruction on constructive possession.[47] Although Espinoza does not specify the alleged deficiency here, the claim would fail even were the Court to infer that Espinoza is alleging the same deficiency as alleged on appeal because the reasoning of the Court of Appeals precludes this Court find that Espinoza suffered prejudice. As the Court of Appeals noted, the Court "did provide an instruction on constructive possession," which met the *Pennington* Court's requirement of "substantially cover[ing] the issue of constructive possession."[48] Therefore, the Court **DISMISSES** Espinoza's claim for federal habeas relief on this ground.

### vi. *Conflict of Interest of Appellate Counsel*

---

[44] 167 F.3d 889, 893 (5th Cir. 1999) (citing Williams v. Collins, 16 F.3d 626, 634-35 (5th Cir. 1994)) (emphasis added).
[45] Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (citing Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).
[46] Dkt. No. 2.
[47] Cr. Dkt. No. 78.
[48] *Id*. at p. 17; *see also*, Cr. Dkt. No. 35.

Lastly, Espinoza alleges ineffective assistance of counsel on the part of his appellate counsel, Guillermo R. Garcia.[49] However, the Court finds no merit in Espinoza's conclusory allegation that he was prejudiced due to Garcia's knowledge that there was a possibility of his becoming a judge. Additionally, Espinoza's summary of claims includes an allegation that his appellate counsel did not present proper issues on appeal. As with Espinoza's claim that his counsel failed to object, a claim that appellate counsel failed to raise proper issues on appeal requires that the petitioner specify the type of action that effective counsel would have taken.[50] As a result, the Court **DISMISSES** this claim as meritless.

### III. CONCLUSION

The Court has reviewed the motion, record, and controlling authorities and finds that Espinoza's motion is without merit. Therefore, Espinoza's § 2255 motion is **DISMISSED**.

IT IS SO ORDERED.

DONE this 30th day of July, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[49] Dkt. No. 2.
[50] Russel v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989) (holding that the petitioner did not establish a basis for relief when petitioner failed to ascribe specific prejudice to his appellate counsel).